IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK A. ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-071-FB |
| | § | |
| DONALD TRUMP, EX PRESIDENT; ELON MUSK, C.E.O. SPACE X; MARK ZUCKERBERG, C.E.O. FACEBOOK and INSTAGRAM; SUNDAR PICHAI, C.E.O. GOOGLE; SATYA NADELLE, C.E.O. MICROSOFT; SHOU CHEW, C.E.O. TIK TOK; JAN KOUM, WHATSAPP; and BILL GATES, | § § § § § § § § § § | |
| Defendants. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above styled and numbered cause on February 6, 2025 (docket #3). According to docket, Plaintiff received the Report and Recommendations on February 18, 2025 (docket #6), and therefore, his objections were due no later than March 7, 2025.[1] Plaintiff filed his Objections on March 12, 2025 (docket #7), without seeking an extension of time to do so. Although the Objections were filed late, the Court reviewed the objections.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the

---

[1] As set forth in the Report and Recommendation, "[w]ritten objections to this report and recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)." (Docket #3 at page 4)

Memorandum and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends the Plaintiff's Proposed Complaint (docket #1) be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). This recommendation is based on 28 U.S.C. § 1915(e), which allows this Court to screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, the Plaintiff names eight Defendants in this case—Donald Trump, Elon Musk (Space Ex), Mark Zuckerberg (Facebook), Sundar Pichai (Google), Satya Nadelle (Microsoft), Shou Chew (Tik Tok), Jon Koum (What's App), and Bill Gates. As noted by Magistrate Judge Chestney, Plaintiff's proposed Complaint is difficult to decipher but appears to be alleging that these individuals have been engaged in a 15-year conspiracy to violate his constitutional rights, perhaps in response to platforms he created on various social media apps. Plaintiff claims he has medical issues, has been denied medical treatment, is fighting for his life and the future of the Earth, has enemies and transportation issues, and that DEI programming is a civil rights violation.

A district court may dismiss a proposed complaint where the facts alleged in the pleading are "clearly baseless" due to their being "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted).  Some claims here are so implausible "or otherwise completely devoid of merit as not to involve a federal controversy." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019).  Moreover, Plaintiff's Complaint does not assert a plausible cause of action against the broad group of named Defendants.

The Court has reviewed the Plaintiff's objections and conducted a de novo review of those issues properly raised by the Plaintiff.  The Court finds, after careful consideration of the record and the Report and Recommendation, that the objections lack merit.  Therefore, this Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation filed on February 6, 2025 (docket #3).  The Report and Recommendation shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on February 6, 2025 (docket #3), is ACCEPTED such Plaintiff's Proposed Complaint and case are DISMISSED pursuant to 28 U.S.C. § 1915(e) as frivolous.  Motions pending are also DISMISSED as moot, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of May, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE